```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

GEORGE WOODEN, JR.,                )
                Plaintiff,         )
                                   )
        v.                         )   Civil Action No.
                                   )       04-11769-NG
F.M.C. DEVENS and REGINA           )
HUFFNAGLE,                         )
                Defendants.        )
```

MEMORANDUM AND ORDER

GERTNER, District Court Judge.

For the reasons stated below, the plaintiff is ordered to submit either the $150 filing fee or an application to proceed without prepayment of fees within 42 days from the date of this Memorandum and Order, or this action will be dismissed without prejudice.

BACKGROUND

On October 28, plaintiff George Wooden, Jr., who is currently confined at a federal medical center in Butner, North Carolina, filed three pro se civil rights complaints alleging mistreatment by certain prison officials during Wooden's residence at FMC Devens. The plaintiff did not pay the $150 filing fee for any of the complaints, nor did he file applications to proceed without prepayment of fees. The Clerk of the Court assigned a case number to the above-captioned complaint, docketed the complaint, and placed in the file for this action Wooden's two other complaints, captioned as George

<u>Wooden Jr. v. F.M.C. Devens, Maureen Burke, and F.M.C. Devens Pharmacy</u> and <u>George Wooden Jr. v. F.M.C. Devens and S. Antley</u>.

Although the allegation in all three of Wooden's complaints concern alleged misconduct by officials at FMC Devens, the alleged events in question in each complaint are unrelated. In <u>George Wooden Jr. v. F.M.C. Devens and Regina Huffnagle</u>, Wooden alleges that Huffnagle, a correctional officer, violated his Eighth Amendment rights in February 2004 by placing Wooden's food tray on the floor and refusing to provide him toiletries and writing paper. Huffnagle also allegedly stole some photos from Wooden in January 2004. In <u>George Wooden Jr. v. F.M.C. Devens, Maureen Burke, and F.M.C. Devens Pharmacy</u>, Wooden alleges that Burke, a contract nurse working at FMC Devens, administered the wrong medication to Wooden on August 11, 2003. In <u>George Wooden Jr. v. F.M.C. Devens and S. Antley</u>, Wooden alleges that on August 25, 2003, Antley, a correctional officer, wrongfully confiscated one hundred pictures that Wooden had drawn and stole a piece mail addressed to Wooden.

<u>ANALYSIS</u>

I.  <u>The Clerk Shall Open Case Files for Each Complaint</u>

As noted above, Wooden has prepared three separate complaints, only one of which has been assigned a case number

2

and docketed. The complaints concern different instances of alleged misconduct occurring at different times and carried out by different actors. The Court cannot entertain three distinct complaints under a single case number. Therefore, the Clerk of this Court shall assign case numbers to the complaints captioned as <u>George Wooden Jr. v. F.M.C. Devens, Maureen Burke, and F.M.C. Devens Pharmacy</u> and <u>George Wooden Jr. v. F.M.C. Devens and S. Antley</u>. Pursuant to Local Rule 40.1(e)(5), these two cases shall be assigned to this session.

II. The Plaintiff Must Pay a Filing Fee or File an Application <u>to Proceed Without Prepayment of Fees</u>

A litigant filing a civil action in this court must either (1) pay the $150 filing fee, or (2) file an application to proceed without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1914(a) ($150 filing fee); 28 U.S.C. § 1915(a) (<u>in forma pauperis</u> actions). In this case, the plaintiff has neither paid the filing fee, nor submitted a completed application to proceed without prepayment of the fee. Accordingly, I grant the plaintiff 42 (forty-two) days from the date of this Order to do one of the following: (1) submit the $150.00 filing fee; or (2) file a complete application to proceed without prepayment of the fees. Failure to do so within the allotted time will result in dismissal of this

action without prejudice.¹

The plaintiff is also advised that if he is a prisoner, he is subject to the additional restrictions of 28 U.S.C. § 1915. Along with an application to proceed without prepayment of fees, a prisoner litigant must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).² Moreover, if he is a prisoner litigant, the plaintiff is hereby put on notice that even if he files an application to proceed without prepayment of fees, he will nevertheless have to pay the full amount of the filing fee. See 28 U.S.C. § 1915(b)(1)-(2) (prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis). Based on the information contained in the plaintiff's application and any accompanying prison account statement, the Court will issue an order

---

¹Wooden must pay a $150 filing fee for each case that he chooses to prosecute. After the Clerk opens case files for Wooden's two other complaints, the Court will issue orders in those cases, similar to this memorandum and order, instructing Wooden to pay a filing fee or submit an application to proceed without prepayment of fees.

² This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

directing the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

III.   The Plaintiff Complaint Will Be Subject to Preliminary <u>Screening and Dismissal Pursuant to 28 U.S.C. § 1915</u>

The plaintiff is further advised that if he elects to pay the filing fee or submit an application to proceed without prepayment of fees, his complaint will be subject to screening and dismissal pursuant to 28 U.S.C. § 1915(e)(2) (screening of complaints filed <u>in forma pauperis</u>) and/or 28 U.S.C. § 1915A(a)-(b) (screening of prisoner complaints seeking redress from a governmental entity, officer or employee).

Under both Section 1915(e)(2) and Section 1915(A), the plaintiff's complaint will be subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (dismissal of <u>in forma pauperis</u> complaint is appropriate if the action lacks an

5

arguable basis either in law or in fact).

IV. The Plaintiff Is Advised of the "Three Strikes" Rule

Finally, because the plaintiff has prepared three complaints, the Court advises him that under Section 1915(g),[3] a prisoner litigant who has had three or more previous actions dismissed as frivolous, malicious, or for failure to state a claim may not proceed in forma pauperis and must pay the full filing fee up-front. The only exception to this rule is if the prisoner is "imminent danger of serious physical injury." Upon release from incarceration, the "three strikes" rule no longer applies and the litigant could be permitted to proceed in forma pauperis.

The fact that the Court informs Wooden of this "three strikes" rule should not be construed as a comment on the merits of Wooden's claims.

---

[3]Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## CONCLUSION

ACCORDINGLY, the plaintiff is directed either to pay the $150 filing fee or to file an application to proceed without prepayment of fees, within 42 (forty-two) days of the date of this Order, or this action will be dismissed without prejudice.  The plaintiff's two complaints that have not been assigned case numbers or docketed shall be returned to the Clerk of the Court for that purpose.

SO ORDERED.

Dated at Boston, Massachusetts, this  2  day of December, 2004.

/s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE