```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

GEORGE WOODEN, JR.,              )
     Plaintiff,                  )
                                 )
     v.                          )
                                 )   C.A. No. 04-40231-NG
                                 )
FMC DEVENS and REGINA            )
HUFFNAGLE,                       )
     Defendants.                 )
~~~~~~~~~~~~~~~~~~~              )
GEORGE WOODEN, JR.,              )
     Plaintiff,                  )
                                 )
     v.                          )
                                 )   C.A. No. 04-40254-NG
                                 )
FMC DEVENS, MAUREEN BURKE, and   )
FMC DEVENS PHARMACY,             )
     Defendants.                 )
~~~~~~~~~~~~~~~~~~~              )
GEORGE WOODEN, JR.,              )
     Plaintiff,                  )
                                 )
     v.                          )
                                 )   C.A. No. 04-40255-NG
                                 )
FMC DEVENS and REGINA            )
HUFFNAGLE,                       )
     Defendants.                 )
```

MEMORANDUM AND ORDER ON APPLICATIONS
TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

Now before the Court are the applications of plaintiff George Wooden, Jr. to proceed without prepayment of filing fees in the three cases captioned above.

BACKGROUND

Wooden is currently incarcerated at FMC Butner in North Carolina. In October 2004, Wooden filed three complaints arising out of alleged misconduct that occurred when he was

incarcerated at FMC Devens in Ayer, Massachusetts. At the time, Wooden did not pay the $150.00 fee assessed for commencing each civil action. He has since filed three applications to proceed without prepayment of the filing fees. The prison account statements Wooden submitted, dated November 19, 2004 and December 5, 2004, show a balance of $2.57 and $.02, respectively. Over the six months preceding both of the account statements, however, $212.00 was deposited to Wooden's account.

## DISCUSSION

Congress has dictated that when a prisoner[1] seeks to proceed <u>in forma pauperis</u>, he or she is "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), but may do so over a period of time, 28 U.S.C. § 1915(b)(1)-(4).

I.   <u>Assessment of the Initial Partial Filing Fees</u>

Under 28 U.S.C. § 1915(b)(1), Courts must <u>assess</u> prisoners an initial partial filing fee equal to twenty-percent of the greater of the average monthly balance or average monthly deposits to the prisoner's account over the six-month period preceding the filing of the lawsuit. 28 U.S.C. § 1915(b)(1). The mandatory language of the statute

---

[1] I find that Wooden is a "prisoner" as defined by 28 U.S.C. § 1915(h).

indicates that this assessment is made regardless of the balance of the prisoner's account at the time of filing. See id. (stating that the courts "shall assess" an initial partial filing fee); see also Wilson v. Sargent, 313 F.3d 1315, 1317, 1320 (11th Cir. 2002) (holding that assessment of an initial filing fee of $7.16 was proper even though prisoner's account balance was only twenty-four cents); Taylor v. Delatoore, 281 F.3d 844, 850 (9th Cir. 2002) (assessment of initial partial filing fee of $6.62 was proper even though prisoner had negative balance in account).[2]

Here, the average monthly deposit to Wooden's prison account for the relevant six-month period was $35.33, greater than the $29.75 average monthly balance of his account for the same time period. Thus, the Court assesses Wooden an initial filing fee of $7.06 in each case.

II. Collection of the Filing Fees

While courts must assess all prisoners an initial partial filing fee, it is only "when funds exist" that courts collect

---

[2]Thus, if the prisoner has been without funds for the six months preceding the filing of the lawsuit, the amount of the initial partial filing fee will be zero. See, e.g., Wilson, 313 F.3d at 1319 ("If the IFP Application and attachments show that the inmate's trust account contained no funds for the six-month period immediately preceding the filing of the complaint, the inmate is assessed an initial partial filing fee of $0.00 and ordered to pay the full filing fee in installments.").

this fee. 28 U.S.C. § 1915(b)(1) ("The court shall assess and, when funds exist, collect ... an initial partial filing fee ...."); see also Taylor, 281 F.3d at 850 (noting the distinction between the assessment and the collection of the initial partial filing fee). After payment of the initial partial filing fee, the remaining portion of the filing fee is collected according to 28 U.S.C. § 1915(b)(2), which requires the prisoner "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). "[E]ach time the amount in the account exceeds $10.00," the prison's treasurer forwards the payment to the court, until the filing fee is paid in full. Id.; cf. Hampton v. Hobbs, 106 F.3d 1281, 1284 (6th Cir. 1997) ("[O]nce the initial filing fee is paid, the payments are slight.").

When a prisoner is without funds to pay the assessed partial initial filing fee, the prisoner's lawsuit nonetheless proceeds: "In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4); see also Taylor, 281 F.3d at 850 (explaining that Congress clearly intended that, "for prisoners ... whose prior account balances resulted in

the assessment of an initial fee, but who presently do not have the means to pay the initial fee, [28 U.S.C. § 1914(b)(4)] should protect them from having their cases dismissed for non-payment"); Hampton, 106 F.3d at 1284 ("[§ 1915] requires a court to collect the initial fee only when 'funds exist.' Therefore, a prisoner without funds will not be denied access to a federal court based on his poverty.").

In circumstances where, as here, a prisoner has outstanding filing fees for more than one lawsuit, courts are faced with the question of whether the multiple fees should be collected simultaneously or consecutively. The First Circuit has not addressed this issue; other circuits are not in agreement. See Lafauci v. Cunningham, 139 F. Supp. 2d 144, 146 (D. Mass. 2001) (O'Toole, J.) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits). The Court agrees with the conclusion in Cunningham that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns." Id. at 147.

Thus, the Court orders that the filing fees for Wooden's three lawsuits be collected consecutively, not simultaneously, as set forth below.

CONCLUSION

ACCORDINGLY, the Court grants Wooden's application to proceed without prepayment of the filing fees, and orders that:

(1) An initial partial filing fee for civil action number 04-40231-NG of $7.06 is assessed at this time, and shall be collected immediately;

(2) If Wooden does not have funds in his account to pay the initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(4), the lawsuit shall nonetheless go forward;

(3) Once the initial partial filing fee of $7.06 has been paid in civil action number 04-40231-NG, the remaining $142.94 of the filing fee in that case shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

(4) When Wooden has paid the entire filing fee for civil action number 04-40231-NG, the filing fee for civil action number 04-40254-NG shall be collected in the manner set forth in (1)-(3), above, with an initial partial filing fee of $7.06;

(5) After the filing fee for civil action number 04-40254-NG has been paid in full, the filing fee for civil action number 04-40255-NG shall also be collected in the manner set forth in (1)-(3), above, with an initial partial filing fee of $7.06;

(6)  The Clerk shall send a copy of this Order to the institution having custody of Wooden;

(7)  The Clerk shall return the complaint to the Court for screening on the merits pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A;

(8)  Summonses shall NOT issue pending the completion of the screening on the merits.

SO ORDERED.

| | |
|---|---|
| March 24, 2005 | /s/ Nancy Gerter |
| DATE | UNITED STATES DISTRICT JUDGE |