```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

GEORGE WOODEN, JR.,              )
                                 )
      Plaintiff,                 )
                                 )
      v.                         )   C.A. No. 04-40231-NG
                                 )
FMC DEVENS and REGINA            )
HUFFNAGLE,                       )
                                 )
      Defendants.                )
```

<u>MEMORANDUM AND ORDER</u>

Before the Court is the motion of plaintiff George Wooden, Jr. for appointment of counsel. For the reasons stated below, the Court denies Wooden's motion without prejudice.

<u>BACKGROUND</u>

Wooden is currently incarcerated at FMC Butner in North Carolina. In October 2004, Wooden filed three complaints in which he alleged misconduct by prison officials when he was incarcerated at FMC Devens in Ayer, Massachusetts. Wooden later filed three applications to proceed without prepayment of the $150.00 filing fee for each case. The Court has granted those motions. Nonetheless, summonses have not issued and the complaints have not been served because the Court is screening the complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. On March 8, 2005, Wooden filed the present motion for appointment of counsel.

DISCUSSION

Under Section 1915(e)(1) of title 28 of the United States Code, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id. at 24.

Because Woodens's complaint is still subject to screening, as authorized by 28 U.S.C. §§ 1915 and 1915A, it has not yet been served on the defendants and the defendants have thus not filed answers or other pleadings responsive to the complaint. Consequently, I cannot determine, at this time, whether there are exceptional circumstances sufficient to warrant appointment of counsel. I therefore deny the

motion for counsel without prejudice to its refiling after the defendants have filed answers or other responsive pleadings.

## CONCLUSION

For the above-stated reasons, the Court denies without prejudice Wooden's motion for appointment of counsel.

SO ORDERED.

| | |
|---|---|
| March 24, 2005 | /s/ Nancy Gertner |
| DATE | UNITED STATES DISTRICT JUDGE |