UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GEORGE WOODEN, JR.,**<br>    **Plaintiff,**<br><br>    v.<br><br>**F.M.C. DEVENS, ET AL.,**<br>    **Defendant.** | **C.A. No. 04-40231-NG**<br>**LEAD DOCKET NUMBER** |
| GEORGE WOODEN, JR.,<br>    Plaintiff,<br><br>    v.<br><br>F.M.C. DEVENS, ET AL.,<br>    Defendant. | C.A. No. 04-40254-NG |
| GEORGE WOODEN, JR.,<br>    Plaintiff,<br><br>    v.<br><br>F.M.C. DEVENS, ET AL.,<br>    Defendant. | C.A. No. 04-40255-NG |

**GERTNER, D.J.:**

### ORDER RE: PAYMENT OF FILING FEES
### July 11, 2005

On October 28, 2004, pro se plaintiff George Wooden filed the above-captioned suits, alleging violations of his civil rights in connection with his incarceration at F.M.C. Devens. In the following months, Wooden filed motions for leave to proceed in forma pauperis and for appointment of counsel. On March 24, 2005, the Court denied his motion for appointment of counsel and consolidated the three cases. On March 31, 2005, the Court entered an order directing the treasurer of the institution in which Wooden is incarcerated to deduct from his account installments of the statutory filing fee of $150.00 for each suit. See 28 U.S.C. § 1915(b).

On June 6, 2005, plaintiff requested that the Court dismiss his pending actions and refund the portion of the filing fees that had already been collected. On June 15, 2005, the Court granted Wooden's request to dismiss the consolidated cases. The Court is not able to grant Wooden's request for a refund of the payments he has made toward the three filing fees. However, the Court hereby **ORDERS** the treasurer of the institution in which Wooden is incarcerated to cease collection of the filing fees from his account.

Though the obligation to pay a filing fee technically attaches at the time a suit is filed, see 28 U.S.C. § 1915(b)(1), and therefore makes retention of the already-collected fees appropriate, equity favors cessation of the collection in this case. Minimal resources were necessary to dispose of Wooden's initial filings and two subsequent motions. Indeed, defendants had not even been served with summonses and complaints. Contra Mucci v. Smith, C.A. No. 04-12726-DPW, Memorandum and Order Dated June 13, 2005 [docket entry # 18] (requiring full payment of filing fee following dismissal of case where dismissal resulted from defendant's "fully-supported motion for summary judgment"). In short, Wooden requested dismissal of his consolidated cases well before they captured significant resources.

Accordingly, it is hereby **ORDERED** that the treasurer at the institution in which Wooden is incarcerated shall cease

collection of the filing fees from Wooden's account.  The Court will inform the Clerk of Court of the same and hereby **ORDERS** her to forward a copy of this order to the appropriate parties.

**SO ORDERED.**

**Dated: July 11, 2005**                              **s/ NANCY GERTNER, U.S.D.J.**